**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| FREDDIE KING, JR. (#294107) | CIVIL ACTION |
| VERSUS | |
| DARRELL VANNOY, WARDEN | 97-388-SDD-EWD |

## RULING

This matter comes before the Court on Petitioner's *Application for Relief*[1] pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. In this *Application*, Petitioner seeks to have his *habeas corpus* case "re-opened" in light of a recent decision of the United States Court of Appeals for the Fifth Circuit, *Coleman v. Goodwin*,[2] which concluded that the rule set forth in *Martinez v. Ryan*,[3] and extended in *Trevino v. Thayler*,[4] is applicable in the State of Louisiana.

In December 1990, *pro se* Petitioner, Freddie King, Jr., an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, was convicted of four counts of first degree murder in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. After pursuing both direct appeal and post-conviction proceedings in the state courts, he commenced his initial federal *habeas corpus* proceeding in this Court in May of 1997, asserting claims of ineffective assistance of counsel, insufficiency of the evidence, and denial of due process through the alleged use of perjured testimony.

---
[1] Rec. Doc. 21.
[2] 833 F.3d 537 (5th Cir. 2016).
[3] 566 U.S. 1 (2012).
[4] U.S. 133 S.Ct. 1911 (2013).

Pursuant to the Magistrate Judge's Report dated November 17, 1997,[5] the Court substantively considered Petitioner's claims and recommended that they be dismissed upon a finding that the claims were without merit. Petitioner filed an *Objection*[6] to that *Report and Recommendation* and, after consideration thereof, the Court accepted the findings and conclusions in the referenced *Report* and dismissed Petitioner's application for *habeas corpus* relief on June 8, 1998, with prejudice.[7] Whereas Petitioner, thereafter, sought to appeal that determination by filing a request for a Certificate of Appealability before the Fifth Circuit Court, Petitioner's request was denied and his appeal dismissed pursuant to Mandate dated February 24, 1999.[8] Petitioner also sought further review by filing an application for a writ of certiorari in the United States Supreme Court, but that Court denied Petitioner's application on October 4, 1999.[9] Now, more than fifteen years after the filing of the last pleading herein, Petitioner has filed the instant *Application* for Rule 60(b)(6) relief, contending that intervening decisional law presents an extraordinary circumstance that supports a conclusion that his claims of ineffective assistance of counsel should be re-visited.

The basis for Petitioner's assertion that his case should be re-opened commences with the 2012 decision of the United States Supreme Court in *Martinez v. Ryan*.[10] In *Martinez*, the Supreme Court concluded that, where state law requires that a petitioner's claims of ineffective assistance of trial counsel be raised in an initial post-conviction relief

---

[5] Rec. Doc. 11.
[6] Rec. Doc. 12.
[7] *See* Rec. Docs. 13 and 14.
[8] *See* Rec. Doc. 19.
[9] *See* Rec. Doc. 20.
[10] *Supra*.

application (instead of on direct appeal), a procedural default of an ineffectiveness claim will not bar federal *habeas* relief if there was no counsel or counsel was ineffective in the initial post-conviction proceeding. In *Trevino v. Thaler,*[11] the Court subsequently extended this rule to jurisdictions – Texas in that case – where state procedural law *effectively* compels petitioners to assert their ineffective assistance claims in post-conviction relief proceedings instead of on direct appeal. Finally, in *Coleman v. Goodwin,*[12] – the 2016 decision upon which Petitioner directly relies herein – the Fifth Circuit concluded that the *Martinez/Trevino* rule applies to post-conviction proceedings brought in Louisiana. In reliance upon *Coleman*, Petitioner asserts that, because he was effectively required to assert his ineffective assistance of counsel claims in his initial post-conviction relief proceedings, and because he did not have counsel during those proceedings, he should be allowed to re-litigate those claims at this time.

Initially, the Court must determine whether, in submitting this *Application* pursuant to Rule 60(b)(6), Petitioner has filed a pleading that effectively seeks successive *habeas corpus* relief and that, therefore, requires prior authorization from the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 2244(b). In *Gonzalez v. Crosby,*[13] the United States Supreme Court addressed the question whether and when a motion for relief from judgment pursuant to Rule 60 must be considered to be a successive application for *habeas corpus* relief. The *Gonzalez* Court concluded that a claim presented in a Rule 60 motion that re-visits a prior substantive denial of *habeas*

---

[11] *Supra.*
[12] *Supra.*
[13] 545 U.S. 524 (2005).

relief, or that asserts a new substantive basis for relief from a conviction, is effectively a successive *habeas corpus* application.[14] As explained by the Fifth Circuit in *In re Hartzog*, "[a] 60(b) motion is considered a successive collateral attack if it challenges an earlier denial of relief on the merits or raises new claims."[15] In contrast, "[a] Rule 60(b) motion is not successive if it challenges 'not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,'" as where it challenges a decision on a procedural issue, *e.g.*, timeliness or prematurity, that prevented a previous federal habeas court from reviewing the merits of the petitioner's claims.[16]

Applying the foregoing standard, the Court concludes that Petitioner's *Application* for Rule 60(b)(6) relief is, in fact, a successive *habeas corpus* application because it seeks to re-visit his substantive claims for relief from his criminal convictions based upon alleged ineffective assistance of counsel. These claims were substantively addressed and resolved by the Federal District Court in connection with Petitioner's initial *habeas corpus* application. In doing so, the District Court did not reject Petitioner's claims based upon procedural default and, as a result, the *Martinez/Trevino/Coleman* rule is not applicable in this instance.[17]

---

[14] *Id.* at 532.
[15] 444 Fed. Appx. 63, 65 (5th Cir. 2011).
[16] *Id.* at 65, relying upon *Gonzalez v. Crosby*, supra. See also *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (concluding that, "where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion").
[17] See *Caston v. Warden*, Louisiana State Penitentiary, 2016 WL 5875421 (W.D. La. Oct. 7, 2016) (finding that the petitioner's Rule 60 motion presented a successive habeas application where "the Court did not rely on procedural default in its [prior] ruling on his § 2254 habeas petition…. The issues raised in Caston's Rule 60(b) motion have been fully litigated, and the recent Coleman decision is inapplicable").

Thus, the instant motion, which seeks reconsideration of Petitioner's substantive ineffective assistance claims is in the nature of a successive application for *habeas corpus* relief within the meaning of 28 U.S.C. § 2244(b).[18] Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[19] Petitioner has not presented this Court with an Order from the Fifth Circuit Court of Appeals allowing him to proceed with this successive application for federal *habeas corpus* relief. This Court cannot consider the instant *habeas corpus* petition because, without an order from the Fifth Circuit, this Court lacks subject matter jurisdiction over Petitioner's successive application.[20] Therefore, the instant application should be considered, in part, as a motion for authorization to proceed with this successive *habeas corpus* application and should be transferred to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 1631, in order for that Court to determine, in the first instance, whether to grant Petitioner authorization to file the instant *habeas corpus* petition in this Court.[21] Accordingly,

---

[18] Cf., *United States v. Short*, 2017 WL 3587515 (5th Cir. Aug. 18, 2017) ("Because [petitioner's] Rule 60(b) motion challenged the denial of the ineffective assistance claim in part on the merits …, the district court correctly determined that the motion was an unauthorized successive § 2255 motion"); *In re Sepulvado*, 707 F.3d 550 (5th Cir. 2013) (determining that a petitioner's claim of ineffective assistance of counsel brought in reliance upon *Martinez v. Ryan*, supra, presented a successive habeas corpus application within the meaning of that section).
[19] *Id.*
[20] See *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).
[21] See *In re: Tony Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**IT IS HEREBY ORDERED** that Petitioner's *Application*[22] for Rule 60(b)(6) Relief be considered, in part, as a motion for authorization to proceed with this successive *habeas corpus* application and that the motion be transferred to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 1631, in order for that Court to determine whether to grant Petitioner authorization to proceed with the instant *habeas corpus* application in this Court.[23]

Signed in Baton Rouge, Louisiana on <u>September 27, 2017</u> .

                                                **JUDGE SHELLY D. DICK**
                                                **UNITED STATES DISTRICT COURT**
                                                **MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. 21.
[23] See *In re: Tony Epps*, supra.